IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 2:24-27 |
| ) | |
| INSTRUCTOR/OFFICER BRYNER, ) | |
| ) | Magistrate Judge Dodge |
| Defendant. ) | |

**MEMORANDUM ORDER**

Plaintiff James Buchanan ("Buchanan") brings this pro se civil rights action against Defendant Instructor/Officer Bryner ("Bryner") pursuant to 42 U.S.C. § 1983, alleging a claim of excessive force in violation of his rights under the Eighth Amendment to the United States Constitution. The claim arises out of an incident in which Bryner allegedly punched Buchanan in the face without provocation at the State Correctional Institution at Greene, Pennsylvania ("SCI Greene") and Buchanan sustained injuries.

Currently pending before the Court is a motion filed by Bryner (ECF No. 26) to lift a default entered against him by the Clerk of Court on August 6, 2024 (ECF No. 20).[1] For the reasons that follow, the motion will be granted.[2]

I. **Procedural History**

Buchanan initiated this action by filing a motion to proceed in forma pauperis on January 8, 2024 (ECF No. 1). The motion was granted and the Complaint was filed on January 16, 2024

---

[1] Although Bryner titled his filing "Motion to Set Aside Default Judgment" a judgment has not been entered in this case.

[2] "The entry of default is simply an official recognition by the Clerk of Court that one party is in default. Asking to set aside such an entry is not dispositive of the action because it does not terminate the underlying action." *Securities & Exch. Comm'n v. Fortitude Grp., Inc.*, 2018 WL 11423237, at *2 (W.D. Pa. Oct. 10, 2018) (citations omitted). Therefore, it may be resolved by a magistrate judge.

(ECF No. 5). An order was entered on February 21, 2024 (ECF No. 8) directing the United States Marshal to mail a copy of the Complaint, notice of lawsuit, request for waiver of service of summons and waiver to Bryner at the address provided by Buchanan, which was "1920 Technology Parkway, Mechanicsburg, PA 17050."

On March 18, 2024, the Domestic Return Receipt card ("green card") was received and signed for by "Kohr" at the Mechanicsburg address, which, as Buchanan notes, is the mailing address for the Central Office for the Pennsylvania Department of Corrections ("DOC"). (ECF No. 10.)[3] When a timely response was not received from Bryner, Buchanan requested an entry of default against him on May 14, 2024 (ECF No. 12).

On June 14, 2024, the Court entered a rule to show cause, stating as follows:

> The Court is advised through communications with the Deputy Chief Counsel for Inmate Litigation in the Office of General Counsel of the Department of Corrections ("DOC") that a notice of lawsuit and waiver was sent to Defendant Bryner at SCI Greene and that Defendant Bryner is now employed at SCI Fayette. The Court is further advised by the DOC that it has reached an interim decision to not offer Defendant representation or indemnification. Defendant was advised of this decision by a certified letter sent by the Deputy Chief Counsel dated April 10, 2024. In this letter, he was also advised that the waiver sent to SCI Greene was due on April 13, 2024 and he was provided with a copy of the Complaint and the waiver documents. Defendant was also advised to obtain representation and that this was an interim decision. The Deputy Chief Counsel received a telephone call from Defendant approximately one week later in which he stated that he received the letter. He was advised during the telephone call that it was likely that representation and indemnification would not be offered but no final decision had been reached. Since then, no notice of appearance on behalf of Defendant has been filed, and Plaintiff has now moved for the entry of default against Defendant. Therefore, based upon these circumstances, Defendant is ordered to show cause no later than June 28, 2024 as to why a default should not be entered against him.

(ECF No. 14.) A copy of this order was mailed to Bryner at SCI Fayette.

Bryner did not respond to the show cause order. Therefore, on August 6, 2024, the Court

---

[3] See https://www.pa.gov/en/agencies/cor/contact-us.html

directed the Clerk of Court to enter default against Bryner (ECF No. 19), which the Clerk of Court entered that same day (ECF No. 20).

After Buchanan filed a motion for default judgment on July 30, 2024 (ECF No. 18), the Court scheduled an evidentiary hearing (ECF No. 22). On September 26, 2024, Buchanan filed a motion to continue the hearing (ECF No. 24) because he required additional time to prepare for the hearing.

On October 1, 2024, an appearance was entered on behalf of Bryner (ECF No. 25) and the same day he filed a motion to lift the default (ECF No. 26). The Court directed Buchanan to file a response to Bryner's motion and continued the hearing pending further order of Court (ECF No. 28). Buchanan filed objections to Bryner's motion on October 16, 2024 (ECF No. 30), so the motion is now ripe for review.[4]

## II.     **Standard of Review**

As stated in Rule 55 of the Federal Rules of Civil Procedure, "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Thus, "it is clear that the federal courts grant relief from a default entry more readily and with a lesser showing than . . . in the case of a default judgment." *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 120 (E.D. Pa. 1996) (citation omitted).

The Court of Appeals for the Third Circuit "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). In close cases, "doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

---

[4] On October 24, 2024, Bryner filed a reply brief (ECF No. 31) without seeking leave of Court.

**III.     Discussion**

There are two steps that courts must undertake in order to determine if an entry of default should be set aside. First, whether service of process was sufficient to give this Court jurisdiction must be ascertained. *See, e.g., Campbell v. M&T Bank*, 2018 WL 401523 (W.D. Pa. 2018) (citations omitted). In the second part of the analysis, a court must decide: (i) whether the plaintiff will be prejudiced if the default is lifted; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was a product of the defendant's culpable or inexcusable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[5]

Here, Bryner challenges service of process. It is the plaintiff's burden to prove proper service. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (finding that, in order for the plaintiff to establish proper service of summons and complaint under Pennsylvania law, the plaintiff had to prove that either defendant or his authorized agent signed the receipts); *see also McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003) ("It is [the] [p]laintiff's burden to show that service was proper.")

The Federal Rules of Civil Procedure authorize the use of state methods of service on individuals within a judicial district of the United States. Fed. R. Civ. P. 4(e)(1).[6] Pennsylvania Rule of Civil Procedure 402 states that:

(a) Original process may be served

(1) by handing a copy to the defendant; or

---

[5] The same factors are considered when reviewing a motion for default judgment and a motion to set aside an entry of default.
[6] In the alternative, service may be made "by delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

> (2) by handing a copy
>
> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>
> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>
> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. P. 402(a).

In addition, Rule 403 of the Pennsylvania Rule of Civil Procedure 403 provides that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Thus, "Pennsylvania Rule 403 requires . . . a receipt signed by the defendant or his authorized agent." *Lampe*, 952 F.2d at 701. As courts have observed, Pennsylvania Rule of Civil Procedure 403 "has been drafted to accommodate the Postal Service Procedures with respect to restricted delivery." *Fox v. Chipotle Mexican Grill, Inc.*, 2021 WL 706757, at *2 (W.D. Pa. Feb. 23, 2021). "Service by certified mail without restricted delivery is improper." *Id.* at *3.

In seeking to lift the default, Bryner argues that he was not served in any method authorized by Pennsylvania law or the Federal Rules of Civil Procedure. He was not handed a copy of the Complaint, nor was it provided to him at his dwelling or usual place of abode, his residence, or his "office or usual place of business" because he does not work at 1920 Technology Parkway. Moreover, Bryner asserts, and Buchanan does not refute, that the individual who signed the receipt for the mail sent to 1920 Technology Parkway was not an

5

agent he appointed to accept service of process on his behalf.

The docket reflects the filing of a receipt showing that the United States Marshal sent the Complaint to Bryner by certified mail at the address provided by Buchanan. However, the green card was not signed by Bryner or an authorized agent, and restricted delivery was not requested. Thus, service at this address in this manner was not proper. *See Logan v. Lockett*, 2008 WL 4170271, at *1 (W.D. Pa. Sept. 3, 2008) (service made by leaving a copy of the complaint at SCI Greensburg with a lieutenant who was not the named defendant and was not his agent was improper).[7]

Buchanan asserts that Bryner clearly received notice as of April 2024 that he had been sued. However, "[n]otice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

As to the second set of factors, Bryner argues that Buchanan will suffer no prejudice other than mere delay. The Court notes that this action was only commenced in January of this year, and the default was entered in August 2024. This short delay will not cause Buchanan to suffer any undue prejudice if the default is lifted. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.")

Bryner also asserts that he has meritorious defenses, as set forth in a proposed answer

---

[7] Even though the marshal made service, a prisoner is responsible for furnishing the marshal with the necessary information to effect service. *See Okagbue-Ojekwe v. Fed. Bureau of Prisons*, 2007 WL 4570075, at *3 (D.N.J. Dec. 26, 2007).

attached to his motion (ECF No. 26 Ex. B). While Buchanan responds that: "Defendant has no meritorious defense for willfully defying this Court's Order to Show Cause for the past (4) months" (ECF No. 30 at 4), that is not the relevant standard. Rather, the showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citations omitted).

The Court has reviewed the proposed answer and agrees that Bryner has asserted meritorious defenses. Bryner asserts defenses that include sovereign immunity, the statute of limitations, qualified immunity, and superseding, intervening and independent causes for Buchanan's damages and injuries. Any or all of these defenses, if established at trial, would constitute a complete defense to the action.[8]

Bryner has not addressed "whether the default was a product of the defendant's culpable or inexcusable conduct." In his response, Buchanan asserts that "default was the direct result of the Defendant's culpable conduct" (ECF No. 30 at 4). While the Court notes that Bryner, who is not an attorney, failed to respond to the Complaint, thereby reflecting potentially culpable conduct, the fact remains that as service was improper, he had no obligation to respond. Moreover, given the lack of undue prejudice to Buchanan and the fact that the proposed answer presents meritorious defenses if proven, these factors all weigh in favor of lifting the default.

As noted above, the Court of Appeals directs that where possible and appropriate, defaults should be lifted and cases decided on the merits. *Farnese*, 687 F.2d at 764. That result is appropriate here. Therefore, the motion to lift default will be granted.

---

[8] On October 24, 2024, Buchanan filed what he called a "Notice to Defendant of Plaintiff's Intention to File a Motion for Sanctions" (ECF No. 32), in which he asserts that the factual contentions in Bryner's proposed answer do not have evidentiary support.

Therefore, this 28th day of October 2024, it is ORDERED that Defendant's motion to lift default (ECF No. 26) is GRANTED.

Defendant shall file his answer to the Complaint by November 8, 2024.

s/Patricia L. Dodge<br>PATRICIA L. DODGE<br>United States Magistrate Judge

cc:   James Buchanan
      ET-4089
      SCI Greene
      169 Progress Drive
      Waynesburg, Pa 15370