IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES BUCHANAN,

      Plaintiff,                              24cv0027
                                                  ELECTRONICALLY FILED

    v.

Instructor/Officer BRYNER,

      Defendant.

## ORDER OF COURT

This matter was referred to United States Magistrate Judge Patricia Dodge for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

The Magistrate Judge filed a thorough, well-reasoned Report and Recommendation ("R&R") on November 26, 2024, recommending that Plaintiff James Buchanan's Motion for Sanctions against Defendant Bryner (Doc. 37) be denied. (Doc. 41).

As required by 28 U.S.C. § 636(b)(1) and Local Rule 72.D.2, the parties were notified that they had until December 10, 2024, to file written objections to the R&R, and until December 24, 2024, to file any responses to any objections filed (*Id.* at 4).

On December 9, 2024, Plaintiff timely filed his Objection to the Magistrate Judge's Report and Recommendation, wherein he raised 2 objections to Magistrate Judge Dodge's R&R. (Doc. 43).

Plaintiff summarizes his 2 objections as follows: "The Magistrate Judge's R&R applied the standard under Rules 8, and 12, which was not appropriate for analysis of a Motion for Sanctions under Rule 11. The Magistrate Judge's R&R was completely devoid of any analysis

or application of Fed.R.Civ.P. Rule 11, and the Magistrate Judge's R&R is inconsistent with holdings of other District Courts on the same subject." (*Id.* at 3).

For the following reasons, the Court finds that both of Plaintiff's objections to the Magistrate Judge's R&R lack merit.

First, Plaintiff is incorrect that Magistrate Judge Dodge's R&R analyzed Plaintiff's Motion for Sanctions under the applicable standard of review for a Motion brought pursuant to Federal Rules of Civil Procedure 8 and 12, and did not review and analyze Plaintiff's Motion for Sanctions under the standard of review for a Motion brought pursuant to Federal Rule of Civil Procedure ("Rule") 11(b)(3).

Rule 11(b)(3) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(3).

As recently explained in *CT Install Am., LLC v. Boryszewski*, Civ. No. 22-4557, 2024 WL 4582885 (E.D. Pa. Oct. 25, 2024):

> In deciding whether to impose Rule 11 sanctions, a court must assess whether the conduct was reasonable under the circumstances. *Bus. Guides, Inc. v. Chromatic Commc'ns Ents., Inc.*, 498 U.S. 533, 551 (1991); *see also Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010), as amended (Dec. 7, 2010). The Third Circuit defines reasonableness as "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Jones v. Pittsburgh Nat. Corp.,* 899 F.2d 1350, 1357 (3d Cir. 1990)).

*CT Install Am., LLC*, 2024 WL 4582885, at *2.

In the R&R, the Magistrate Judge properly discussed the interplay of Rules 8(c), 11 and Rule 12(f).  (*See* Doc. 41 at 2-3).  The Magistrate Judge then determined correctly that any motion to strike pursuant to Rule 12(f) filed in this case would be denied and that Plaintiff's argument that Defendant's Fourth, Fifth, and Eleventh affirmative defenses contradict one another was unavailing:

> Here, the three affirmative defenses that Plaintiff moves to strike provided him with "fair notice" as to the defenses that Defendant is raising: the complained-of conduct was caused by third parties; Plaintiff's damages were caused by superseding, intervening causes; and Defendant acted in self-defense. Plaintiff challenges the factual basis for these defenses, but "[m]otions to strike should not be granted when the sufficiency of the defense depends upon disputed or undeveloped issues of fact." *Klaus v. Jonestown Bank & Tr. Co.,* 2014 WL 1024591, at *2 (M.D. Pa. Mar. 14, 2014) (citations omitted). Moreover, Plaintiff's argument that these defenses contradict one another is unavailing. As Rule 8(d)(3) provides, a party may state inconsistent defenses.

(*Id.* at 3-4).

Finally, the Magistrate Judge correctly concluded that Plaintiff's Motion for Sanctions should be denied under Rule 11 for the following reasons:

> Thus, if the pleaded affirmative defenses would survive a Rule 12(f) motion to strike, then counsel cannot have acted unreasonably in asserting them. *See Medina*, 2022 WL 2307098, at *4 (denying Rule 11 motion when many of the defendant's affirmative defenses—including the defense that the incident was caused by the acts of third parties over whom the defendant had no control—could survive a Rule 12(f) motion). Moreover, "Rule 11 sanctions, the Third Circuit has stressed, should be imposed to penalize irresponsible lawyering, not to address the strength or merits of a claim." *StrikeForce Techs., Inc. v. WhiteSky, Inc*., 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94-95 (3d Cir. 1988)).

(Doc. 41 at 4).

Second, Plaintiff is incorrect in his assertion that the Magistrate Judge's R&R is inconsistent with the holdings of other District Courts on the same subject, citing in support

3

thereof, the District Court decisions in *Desandies v. Encore Grp (USA), LLC*., Civ. No. 24-1044, 2024 WL 1704982 (E.D. Pa. Apr. 19, 2024) and *Greenspan v. Platinum Healthcare Grp., LLC*, Civ. No. 20-5874, 2021 WL 978899 (E.D. Pa. Mar. 16, 2021), two decisions which, as fellow District Court cases, are not binding on this Court.  (Doc. 43 at 2).

In *DeSandies, supra.,* in response to a Court Order "directing Encore Group either to (a) file an amended Answer, asserting only those defenses for which it had a good faith basis, or (b) file a Memorandum explaining why I should not strike its Answer for violating Fed. R. Civ. P. 11(b)," the defendant admitted that it had asserted a prophylactic affirmative defense, in the form of a statute of limitations defense, which the District Court concluded was not permitted under Rule 11, and thus, as a sanction, the District Court struck all of the defendant's affirmative defenses with the caveat that if the defendant "has a good faith basis to assert any affirmative defense (including one that I've struck), it can seek leave to amend its answer to assert that defense."  *DeSandies*, 2024 WL 1704982 at *1-3.

Similarly, in *Greenspan, supra*., after ordering the defendant "either to (a) file an amended Answer, asserting only those defenses for which it had a good faith basis, or (b) file a Memorandum explaining why the District Court should not strike its Answer for violating Fed.R.Civ.P. 11(b)," and the defendant filed a Memorandum in response, explaining why the District Court should not strike its Answer for violating Rule 11(b), the District Court concluded that the defendant "did not assert its affirmative defenses because it had a good faith basis to claim that they have evidentiary support. To the contrary, it asserts many of its affirmative defenses conditionally," *i.e.,* prophylactically.  *Greenspan*, 2021 WL 978899, at *2.  The District Court then struck all of the defendant's affirmative defenses without prejudice to file a motion to amend its answer to assert any affirmative defenses that it has a good faith basis to assert.  *Id*.

at *3.

The *DeSandies, supra.,* and *Greenspan, supra.*, decisions, however, are inapposite to Plaintiff's case, where the affirmative defenses at issue (the complained-of conduct was caused by third parties, Plaintiff's damages were caused by superseding, intervening causes, and Defendant acted in self-defense), are not prophylactic in nature. Rather, they were reasonably asserted in direct response to Plaintiff's factual allegation that on July 9, 2023, "Plaintiff was punched in the face by the Defendant" (Doc. 5 at 5) after defense counsel consulted with Defendant and was told Defendant's version of the events (Doc. 39 at 3-4). Therefore, the Magistrate Judge's R&R, recommending that Plaintiff's Motion for Sanctions, brought pursuant to Rule 11, be denied, is not inconsistent with the *DeSandies, supra.,* or *Greenspan, supra.*, decisions.

Accordingly, after *de novo* review of the record in this matter, the thorough, well-reasoned Report and Recommendation of Magistrate Judge Dodge, and Plaintiff's Objections to the Report and Recommendation, the following Order is entered:

AND NOW, this 7th day of January, 2025, it is ORDERED that Plaintiff's Objections to the Report and Recommendation (Doc. 43) are OVERRULED.

It is further ORDERED that Plaintiff 's Motion for Sanctions (Doc. 37) is DENIED.

It is further ORDERED that Magistrate Judge Dodge's November 26, 2024 Report and Recommendation (Doc. 41), is adopted as the Opinion of the Court.

BY THE COURT:
s/Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc:     All ECF Registered Counsel of Record

      James Buchanan
      ET4089
      SCI GREENE
      169 PROGRESS DRIVE
      WAYNESBURG, PA 15370