IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BUCHANAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 2:24-0027 |
| ) | Judge Schwab |
| INSTRUCTOR/OFFICER BRYNER, ) | Magistrate Judge Dodge |
| ) | |
|     Defendant. ) | |

## MEMORANDUM ORDER

Plaintiff James Buchanan ("Buchanan"), a prisoner incarcerated at the State Correctional Institution at Greene, Pennsylvania ("SCI Greene"), brings this pro se civil rights action against Defendant Instructor/Officer Eugene Bryner ("Bryner"). Buchanan alleges that Bryner violated his rights under the Eighth Amendment by assaulting him without provocation.

Currently pending before the Court is Buchanan's motion for sanctions (ECF No. 70). For the reasons that follow, the motion will be granted in part and denied in part.

### I. Relevant Procedural History

On November 1, 2024, a Case Management Order was entered (ECF No. 36) which directed Bryner to provide Buchanan with all incident reports and records relating to the claim in the Complaint by December 2, 2024. On March 18, 2025, Buchanan filed a motion for sanctions (ECF No. 61) which the Court construed as a motion to compel. The Court ordered Bryner to provide supplemental responses with respect to any information previously provided that was incomplete or inaccurate by April 14, 2025 (ECF No. 65).

On May 16, 2025, Buchanan filed a motion for sanctions (ECF No. 70) which has been fully briefed (ECF No. 78).

## II.  Discussion

Buchanan contends that Bryner failed to fully comply with the Court's orders referenced above because he did not produce a written statement Bryner made to Captain Hintemeyer on July 26, 2023. The statement consists of a series of typed questions and Bryner's handwritten responses. In this statement, Bryner admitted that "I took a swing at him and hit him in the chin" and when asked if he apologized, responded: "Yes, I did. I felt very guilty." (ECF No. 70 Ex. A at 3, 6.) According to Buchanan, he obtained this statement only through discovery in a separate but related case, *Buchanan v. Zaken*, Civ. A. No. 2:24-1253. As a result, he realized that Bryner had not produced the statement to him in this case.

Buchanan also seeks sanctions based upon Bryner's response to a request for admission. That request stated: "Is it admitted that on July 9, 2023, the Defendant punched Plaintiff in the left side of his face." Bryner responded as follows:

> The Defendant [instinctually] raised his closed hand up and towards the Plaintiff in response to Plaintiff's aggressive move towards the Defendant. Defendant's closed hand came into contact with Plaintiff's chin with little to no force.

(ECF No. 70 at 2.)[1] Buchanan asserts that this response is contrary to Bryner's statement, in which he admitted taking a swing at Buchanan and hitting him in the chin, and later apologizing because he felt guilty. Thus, Buchanan contends, he is entitled to sanctions because Bryner failed to admit facts that Buchanan has demonstrated to be true.

By way of relief, Buchanan requests orders: (1) directing payment to him of $50.00 for "time, research, copying and postage pursuant to Fed. R. Civ. P. 37(b)(2)(C)"; (2) prohibiting Bryner from supporting his defenses; (3) striking Bryner's pleadings in whole or in part; (4)

---

[1] Although the request for admission and response are not attached to Buchanan's motion, they are attached to his motion for summary judgment. (ECF No. 81 Ex. B at 3.)

2

holding Bryner and his counsel in contempt of court; and (5) disqualifying Attorney Goodwin as counsel for Bryner. (ECF No. 70 at 3.)

In his response, Bryner notes that Buchanan sustained no harm because he had already received the statement he is complaining about directly from the Pennsylvania Department of Corrections.

As it relates to the request for admission, Bryner argues that he properly denied it. Buchanan requested him to admit that he "punched" him in the left side of the face. He asserts that the word "punch" implies that the contact was made in a forceful or aggressive manner, and this is contrary to what actually happened. Bryner also asserts that he did not author or adopt the statement cited by Buchanan, and the fact that he expressed "a feeling of guilt does not necessarily imply that Defendant committed a constitutional violation of Plaintiff's civil rights." [2]

The authority to issue sanctions comes from both the Federal Rules of Civil Procedure and the Court's inherent authority to sanction litigants for misconduct. *Mosaid Techs. Inc. v. Samsung Elecs. Co.,* 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Whether to impose sanctions is within the Court's sound discretion. *Bozic v. City of Washington, Pa.,* 912 F. Supp. 2d 257, 266 (W.D. Pa. 2012).

Federal Rule of Civil Procedure provides that a court may sanction failures to follow court orders by, among other things:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

---

[2] However, it is uncontroverted that he responded in writing to written questions posed by Captain Hintemeyer. And although a feeling of guilt does not conclusively compel a finding that Bryner is liable in this case, it is relevant to the consideration of the issues presented.

3

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition, "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

As it relates to Bryner's failure to produce the statement he gave, his suggestion that because Buchanan received the statement from a defendant in another case, he was not required to produce it is both misguided and contrary to Rule 26 of the Federal Rules of Civil Procedure. He does not represent that he did not have this statement in his possession. The statement also includes information that is relevant to Buchanan's claim. The Case Management Order required Bryner to produce all incident reports and records in his possession. He was later ordered to supplement his production. The fact that Plaintiff obtained the statement from another source did not eliminate Bryner's independent obligation to produce responsive documents in his possession or control.

Regarding Bryner's response to the request for admission, Bryner is correct that he was not required to admit that he "punched" Buchanan. Therefore, in that respect, Buchanan's motion lacks merit.

The Court concludes that based on Bryner's failure to produce the statement, Buchanan's request for $50.00 for his time, research, copying and postage is reasonable and will be granted under Rule 37(b)(2)(C). However, his other requests for sanctions are not justified under the circumstances. As will be explained in a Report and Recommendation with respect to the cross-motions for summary judgment, both parties rely on a video of the incident, but the video does not fully resolve the issue of what occurred. Bryner did hit Buchanan in the chin with his fist, but what occurred prior to and after that cannot be determined and must be presented to the jury at trial.

Thus, although Bryner's actions and the justification of these actions will be examined at trial, Buchanan has in his possession the statement that Bryner did not produce to him, and as such, has sustained no undue prejudice. Therefore, the severe sanctions suggested by Buchanan are not supported.

### III. Conclusion

Therefore, this 12th day of November, 2025, Buchanan's motion for sanctions (ECF No. 70) is GRANTED IN PART and DENIED IN PART. Bryner shall pay the sum of $50.00 to Buchanan within 30 days of the entry of this order. In all other respects, the motion is DENIED.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

cc:   JAMES BUCHANAN
      ET-4089
      SCI GREENE
      169 PROGRESS DRIVE
      WAYNESBURG, PA 15370